Gina M. Corena, Esq. SBN 10330
LAW OFFICE OF GINA M. CORENA, PLLC
300 S. 4TH Street Suite 1250
Las Vegas, NV 89101
Telephone: (702) 943-0308
Fax: (888) 897-6507
Email: gina@lawofficecorena.com
*Attorney for the Debtors in Possession*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>JUAN AGUIRRE fdba VILLAREAL, INC. and ELIZABETH AGUIRRE,<br><br>Debtors in Possession. | Case No.: 17-15121-MKN<br>Chapter 11<br><br><br>DATE:  September 5, 2018<br>TIME:   9:30 A.M. |

## **SMALL BUSINESS PLAN OF REORGANIZATION**

ARTICLE I - SUMMARY

This Plan of Reorganization (the "**Plan**") under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (the "**Bankruptcy Code**") proposes to pay creditors of JUAN AGUIRRE and ELIZABETH AGUIRRE, the above-captioned Debtors in Possession (the "**Debtors**") from the reorganization of their residential property and secured debt.

This Plan provides for 2 classes of secured claims and 2 classes of unsecured claims. This Plan also provides for the payment of administrative and priority claims in full on the effective date of this Plan, or as agreed by the holder of such administrative or priority claim.

All creditors should refer to Articles II through IV of this Plan for information regarding the precise treatment of their claims.  A Joint Disclosure Statement (the "Disclosure Statement") that provides more detailed information regarding this Plan and the rights of creditors was circulated with this Plan. Your rights may be affected. You should read these papers carefully and discuss them with your attorney. If you do not have an attorney, you may wish to consult one.

ARTICLE II - CLASSIFICATION AND TREATMENT OF CLAIMS

This Plan constitutes the Chapter 11 plan of reorganization of the Debtors. All Claims against the Debtors are placed in classes (each a "Class") as designated by Classes 1 through 4. In accordance with section 1123(a)(1) of the Bankruptcy Code, the Debtors have not classified Administrative Claims.

1

The categories of Claims (as defined in the Bankruptcy Code, listed below classify Claims for all purposes, including, without limitation, voting, confirmation and distribution pursuant to sections 1122 and 1123(a)(1) of the Bankruptcy Code. The Plan deems a Claim to be classified in a particular Class only to the extent that the Claim qualifies within the description of that Class and shall be deemed classified in a different Class to the extent that any remainder of such Claim qualifies within the description of such different Class. A Claim is in a particular Class only to the extent that any such Claim is allowed in that Class and has not been paid or otherwise settled prior to the effective date of the Plan as determined in paragraph 7.02 below.

**Classification of Claims**

2.01    Class 1 – Secured Claim of Nationstar Mortgage LLC dba Mr. Cooper

(a)    *Classification*: Class 1 consists of the Secured Claim of Nationstar Mortgage LLC dba Mr. Cooper against the Debtors' rental property located at **6527 Coldwater Bay Drive, Las Vegas, NV  89122**, which is secured by a lien against the Debtors' property, loan number **\*\*\*\*\*\*1084**.

(b)    *Treatment*: The holder of the allowed Class 1 Secured Claim shall be impaired and paid the allowed amount of its claim of **$170,000.00**, as set forth in Exhibit 1 attached hereto, paid at an interest rate of **7.00%** over **30 years**, beginning on the 1st day of the 1st month following plan confirmation, directly to Nationstar Mortgage LLC dba Mr. Cooper with reference to the last four digits of the Loan Number \*\*\*\*\*1084, or as otherwise directed. Any prepetition default is hereby cured under the treatment in the Plan. The monthly principal and interest payments shall be **$1,131.01**. In addition to the monthly principal and interest payment above, Secured Creditor shall continue to impound the loan for property taxes and insurance on the Property. The current monthly escrow payment for property taxes and insurance is **$134.08** and is subject to change as escrow needs are reanalyzed over the remaining life of the loan. Debtors shall tender the necessary escrow payments together with the regular monthly mortgage payments described above.

Additionally, on or before the effective as defined herein, Debtors shall tender the amount necessary to cure any post-petition escrow advances made by Secured Creditor. Secured Creditor shall timely provide a total amount to be included in the final Order Confirming Plan.

In the event of a default post-confirmation, the Secured Creditor shall first comply with all default procedures set forth in the Plan, second the contract between the parties, and last, if necessary or applicable, state law. All remaining terms of the Note and Deed of Trust shall govern the treatment of Secured Creditor's secured claim.

(c)    *Valuation*: The Class 1 Secured Claim shall be valued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such property as set forth on **Exhibit**

1. The confirmation order approving the plan shall set forth the values of each secured creditor's first lien claim as of the effective date of the Plan.

(d) *Unsecured Portion of the Claim*: Any amount of a Class 1 claim that is deemed to be unsecured in accordance with section (c) above shall be afforded the treatment set forth in Class 4 below.

(e) *Voting*: Class 1 is an impaired class, and the holder of the Class 1 claim is entitled to vote to accept or reject the Plan.

2.02 Class 2 – Secured Claim of Nissan Motor Acceptance Corporation

(a) *Classification*: Class 2 consists of the Secured Claim of Nissan Motor Acceptance Corporation against the Debtors' **2012 Nissan Maxima**, which is secured by a purchase money security interest against the Debtors' Motor Vehicle, loan number *******5268.

(b) *Treatment*: The holder of the allowed Class 2 Secured Claim shall be unimpaired and paid pursuant the original contract at **$677.85** per month and **4.98%** interest until the maturity date of November 11, 2018, or until the loan is paid in full, whichever is sooner.

(c) *Voting*: Class 2 is an unimpaired Class and is deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code and the holder of the Class 2 claim is not entitled to vote to accept or reject the Plan.

2.03 Class 3 – Priority Unsecured Claims

(a) *Classification*: As of the date of this Plan, the Debtors do not have any priority unsecured claims.

2.04 Class 4 - General Unsecured Claims

(a) *Classification*: Class 4 consists of General Unsecured Claims against the Debtors.

(b) *Treatment*: Holders of Class 4 General Unsecured Claims on the Effective Date shall receive, in full and final satisfaction of such allowed Class 4 claims, quarterly pro rata disbursements of the Debtors' disposable monthly income during the plan term. All portions of allowed Class 4 unsecured claims that remain unpaid at the conclusion of all quarterly plan payments, will cease 60 months after the Effective Date and shall be forever discharged and rendered non-collectable against the Debtors.

(c) *Voting*: Class 4 is an impaired Class, and holders of Class 4 claims are entitled to vote to accept or reject the Plan.

///

Following entry of the Confirmation Order, Secured Creditor in Class 1, or its servicers/agents shall within 90 days update their internal systems to comply with the terms of the Plan. The Debtors may take action under § 524(i) for failure to do so. Upon entry of the Confirmation Order all Notices of Default and Notices of Trustee's Sale, if applicable, shall be rescinded.

ARTICLE III - TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01    Unclassified Claims. In accordance with section 1123(a)(1) of the Bankruptcy Code, administrative expense claims, and priority tax claims are not in classes.

3.02    Administrative Expense Claims. Each holder of an administrative expense claim allowed under Section 503 of the Bankruptcy Code will be paid in full on the effective date of this Plan, in cash, through the Debtors' monthly plan payments, or upon such other terms as may be agreed upon by the holder of the claim and the Debtors.

3.03    Priority Tax Claims. Each holder of a priority tax claim will be paid in full on the effective date of this Plan.

3.04    United States Trustee Fees. All fees required to be paid by 28 U.S.C. § 1930 will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the Effective Date.

The Debtors or Reorganized Debtors (as applicable) shall File with the Bankruptcy Court and serve on the United States Trustee a quarterly financial report for each quarter (or portion thereof) that the Chapter 11 Case remains open in such format as reasonably may be required by the United States Trustee.

The Debtors will utilize all funds remaining in the DIP account post confirmation as a contingency reserve for vacancies, emergency and general repairs, tenant turnover, advertising and for foreseeable increases in property taxes and insurance and income taxes rental income. A reserve will ensure that the Debtors will not have to reorganize because of vacancies and repairs.

ARTICLE IV - PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

4.01    Assumed Executory Contracts and Unexpired Leases.

(a) The Debtors shall assume, on the effective date of this Plan, the executory contracts and unexpired leases listed on **Exhibit 2** attached hereto. Listed on **Exhibit 2** is also the Debtors' estimated cure amount, if any, necessary to assume such contract in accordance with Section 365 of the Bankruptcy Code. As of the date of this Plan, the Debtors have no defaults or expected cure payments.

///

(b) With respect to any property relating to any and all executory contracts and/or unexpired leases assumed hereunder, the Debtors expressly reserve the right to sell such property in accordance with Section 363 of the Bankruptcy Code or to abandon and/or execute a deed in lieu of foreclosure for such property in accordance with Section 554 of the Bankruptcy Code.

(c) The Debtors will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 4.01(a) above. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

(d) The confirmation order shall constitute an order of the Bankruptcy Court approving such assumptions pursuant to sections 365 and 1123 of the Bankruptcy Code as of the effective date of this Plan. The Debtors reserve the right to amend **Exhibit 2** at any time before the effective date.

(e) Any objection by a party to an executory contract or unexpired lease to the Debtors' proposed assumption or any related cure amount set forth on **Exhibit 2** must be filed, served and actually received by the Debtors at least five (5) days prior to the confirmation hearing of this Plan. Any party to an executory contract or unexpired lease that fails to object timely to the proposed cure amount will be deemed to have consented to such assignment of its executory contract or unexpired lease. The confirmation order shall constitute an order of the Bankruptcy Court approving any proposed assignments of executory contracts or unexpired leases pursuant to sections 365 and 1123 of the Bankruptcy Code as of the Effective Date.

(f) In the event of a dispute regarding (i) the amount of any cure payment, (ii) the ability of the Debtors to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the executory contract or unexpired lease to be assigned or (iii) any other matter pertaining to assignment, the applicable cure payments required by section 365(b)(1) of the Bankruptcy Code shall be made following the entry of a final order or orders resolving the dispute and approving the assumption. If an objection to a cure amount is sustained by the Bankruptcy Court, the Debtors at their sole option, may elect to reject such executory contract or unexpired lease in lieu of assuming it.

ARTICLE V - MEANS FOR IMPLEMENTATION OF THE PLAN

5.01     Source of Payments.  The Debtors' Payments and distributions under the Plan will be funded by the Debtors, based upon their (a) projected monthly rental income and (b) personal income. The Cash Flow Analysis, attached to the Disclosure Statement as **Exhibit C**, outlines the Debtors' sources and uses of income. The Debtors' monthly Plan payment shall be **$32.22**. This amount represents Debtors' disposable income as determined by 11 U.S.C. §1325(b)(2).

5.02     Method of Plan Payments

(a) Except as otherwise provided, upon confirmation, the Debtors shall begin making quarterly distributions to the unsecured creditors under the Plan. The Debtors shall begin, as soon as practical, making pro rata payments to the Debtors' unsecured creditors holding allowed claims, until such claims are paid as set forth in the Plan.

5

(b) Except as otherwise provided in the Plan, or upon the entry of a final, non-appealable order of the Bankruptcy Court, or as agreed to by the relevant parties, distributions under the Plan on account of a disputed claim that becomes an allowed claim after the effective date of the Plan shall be begin on the regular quarterly payment date, which is at least thirty (30) days after such claim becomes an allowed claim.

(c) Notwithstanding anything in the Plan to the contrary, and except as otherwise agreed to by the relevant parties, no partial payments and no partial distributions shall be made with respect to a disputed claim until all such disputes in connection with such disputed claim have been resolved by settlement among the parties or a final order of the Bankruptcy Court. In the event that there are disputed claims requiring adjudication and resolution, the Debtors shall establish appropriate reserves for potential payment of such Claims.

5.03    *Post-confirmation Management*. The Debtors will manage their property post-confirmation in the ordinary course. They will be authorized to enter into, terminate and renew lease agreements as they see fit. Such activities will include retaining management companies to aid in the renting of their property, drafting and serving eviction notices, negotiating loan modifications or refinancing their properties, repairing the properties and maintaining a reserve account of up to one month's mortgage payments, or $10,000.00, whichever is greater.

## ARTICLE VI - RETENTION OF JURISDICTION

6.01    *Retention of Jurisdiction*. Except to the extent otherwise expressly set forth herein, the Bankruptcy Court shall retain jurisdiction of the Chapter 11 Case following the Confirmation Date for the following purposes, it being expressly intended that such retention of jurisdiction shall in all cases hereafter set forth, extend to any actions or proceedings commenced prior or subsequent to the Confirmation Date and/or the Effective Date whether by the Debtors, the Proponents, the Reorganized Debtors or the parties specified herein:

(a) To hear and determine any objections to the allowance of Claims, including any objections by Reorganized Debtors with respect to any Claims which have been reinstated or assumed in accordance with the terms of this Plan;

(b) To determine any and all applications for compensation for any Professionals and similar fees to the extent made specifically subject to a hearing under this Plan and applicable provisions of the Bankruptcy Code;

(c) To determine any and all applications for the rejection or assumption and assignment of executory contracts or for the rejection or assumption and assignment, as the case may be, of unexpired leases to which the Debtors are a party or with respect to which it may be liable, and to hear and determine, and if need be to liquidate, any and all Claims arising therefrom;

(d) To modify this Plan pursuant to Bankruptcy Code section 1127 or to remedy any defect or omission or reconcile any inconsistency in the Confirmation Order to the extent authorized by the Bankruptcy Code;

(e) To hear and determine all controversies, suits and disputes, if any, as may arise in connection with the interpretation or enforcement of this Plan;

(f) To hear and determine all controversies, suits and disputes, if any, as may arise with regard to orders of this Bankruptcy Court entered in the Chapter 11 Case;

(g) To adjudicate all controversies concerning the classification of any Claim;

(h) To liquidate damages in connection with any disputed, contingent or unliquidated Claim;

(i) To adjudicate all Claims to a security or ownership interest in any of the Assets, or in any proceeds thereof;

(j) To adjudicate all Claims or controversies arising out of any purchases, sales or contracts made or undertaken by the Debtors;

(k) To determine all questions and disputes regarding recovery of and entitlement to any property of the Debtors, or in any proceeds thereof;

(l) To adjudicate all Causes of Action with respect to which the Debtors and/or the Reorganized Debtors are a party, whether or not such Claim or controversy is raised or filed before or after the Effective Date;

(m) To determine issues and disputes concerning entitlement to Distributions to be made under and pursuant to this Plan;

(n) To enter any order, including injunctions, necessary to enforce the title, rights and powers of the Debtors and/or the Reorganized Debtors, or the rights of any Person or Entity hereunder and to impose such limitations, restrictions, terms and conditions on such title, rights and powers as the Bankruptcy Court may deem necessary or appropriate;

(o) To determine such other matters as may be provided for in the Confirmation Order and this Plan, or as may from time to time be authorized under the provisions of the Bankruptcy Code or any other applicable law;

(p) To enter a Final Decree closing the Chapter 11 Case;

(q) To enforce the provisions of any Administrative Claim Bar Date entered by the Bankruptcy Court;

(r) To make such orders as are necessary or appropriate to carry out the provisions of this Plan, including but not limited to orders interpreting, clarifying or enforcing the provisions thereof;

(s) To determine issues and disputes with respect to the Secured Loan Documents arising after the Effective Date; and

(t) Without limiting the generality of any of the foregoing, to hear and determine matters concerning state, local, and federal taxes in accordance with Bankruptcy Code sections 345, 505, and 1146.

6.02.    <u>Jurisdiction Unaffected</u>. The occurrence of the Effective Date and/or the entry of a Final Decree shall not divest the Bankruptcy Court of any jurisdiction otherwise retained under this Article 12 or the Confirmation Order.

6.03.    <u>Failure of Bankruptcy Court to Exercise Jurisdiction</u>. If the Bankruptcy Court abstains from exercising or declines to exercise jurisdiction, or is otherwise without jurisdiction over any matter arising under, arising in or related to the Bankruptcy Case, including any of the matters set forth in the Plan, the Plan shall not prohibit or limit the exercise of jurisdiction by any other court of competent jurisdiction with respect to such matter.

///

///

///

ARTICLE VII - GENERAL PROVISIONS

7.01     Definitions and Rules of Construction. The definitions and rules of construction set forth in Sections 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Bankruptcy Code are used in this Plan.

7.02     Effective Date of Plan. The effective date of this Plan is the fifteenth business day following the date of the entry of the confirmation order. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

7.03     Modification of Plan. The Debtors may modify the Plan at any time before confirmation of the Plan. The Court, however, may require a new Disclosure Statement and/or re-voting on the Plan. The Debtors may also seek to modify the Plan at any time after confirmation only if the Court authorizes the proposed modifications after notice and a hearing. Upon request of the Debtors, the Plan may be modified at any time after confirmation of the Plan, but before the completion of payments under the Plan, to (1) increase or reduce the amount of payments under the Plan on claims of a particular class, (2) extend or reduce the time period for such payments, or (3) alter the amount of distribution to a creditor whose claim is provided for by the Plan to the extent necessary to take on accounting of any payment of a claim made other than under the Plan. Effective as of the date hereof and subject to the limitations and rights contained in the Plan: (a) the Debtors reserve the right, in accordance with the Bankruptcy Code and the Bankruptcy Rules, to amend or modify the Plan prior to the entry of the confirmation order; and (b) after the entry of the confirmation order, the Debtors may, upon order of the Bankruptcy Court, amend or modify the Plan, in accordance with section 1127(b) of the Bankruptcy Code or remedy any defect or omission or reconcile any inconsistency in the Plan in such manner as may be necessary to carry out the purpose and intent of the Plan; provided, however, that any modification to the Plan shall not affect the rights or treatment of holders of unsecured claims.

7.04     Final Decree. Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of bankruptcy Procedure, the Debtors, or such other party as the Court shall designate in the Plan confirmation order, may file a motion with the Court to obtain a final decree to close the case. Alternatively, the Debtors may move for the entry of a final decree to close the case upon the Plan's substantial consummation or the Court may enter such a final decree on its own motion.

7.05     Vesting of Assets in the Reorganized Debtors. After confirmation of the Plan, all property of the Debtors shall vest in the reorganized Debtors, free and clear of all liens, claims, charges or other encumbrances, except those enumerated in the order approving the Motions to Value and the confirmation order. The reorganized Debtors may operate their rental business and may use, acquire or dispose of property and compromise or settle any claims without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules, other than those restrictions expressly imposed by the Plan and the confirmation order. Without limiting the foregoing, the Debtors shall pay the charges that they incur after confirmation for professionals' fees, disbursements, expenses or related support

services (including reasonable fees relating to the preparation of professional fee applications) without application to the Bankruptcy Court.

7.06    Release of Liens, Claims and Equity Interests. Except as otherwise provided herein or in the following sentence, or in any contract, instrument, release or other agreement or document entered into or delivered in connection with the Plan, upon discharge, all liens, claims, mortgages, deeds of trust, or other security interests against the property of the Debtors' estates shall be fully released and discharged, including all in personam claims against the Debtors. The existing liens and lien rights of those lenders holding claims in Classes 1 and 2 are expressly preserved under the Plan, and their existing liens shall ride through and remain attached to any and all underlying collateral in any transfer of property expressly set forth in, or contemplated by, the Plan. To the extent any provision in this Plan or the Confirmation Order can be read to contradict the express preservation of lien rights in this provision, this provision controls.

7.07    Effectuating Documents; Further Transactions. The Debtors may take all actions to execute, deliver, file or record such contracts, instruments, releases and other agreements or documents and take such actions as may be necessary or appropriate to effectuate and implement the provisions of the Plan

7.08    Exemption from Certain Transfer Taxes. Pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to the Plan shall not be subject to any stamp tax or other similar tax or governmental assessment in the United States, and the confirmation order shall direct the appropriate state or local governmental officials or agents to forgo the collection of any such tax or governmental assessment and to accept for filing and recordation instruments or other documents pursuant to such transfers of property without the payment of any such tax or governmental assessment.

7.09    Revocation of Plan. The Debtors reserve the right to revoke or withdraw the Plan prior to the confirmation hearing and to file subsequent Chapter 11 plans. If the Debtors revoke or withdraw the Plan, or if confirmation does not occur, then: (1) the Plan shall be null and void in all respects; (2) any settlement or compromise embodied in the Plan, assumption or rejection of Executory Contracts or Unexpired Leases effected by the Plan and any document or agreement executed pursuant hereto shall be deemed null and void except as may be set forth in a separate order entered by the Court; and (3) nothing contained in the Plan shall: (a) constitute a waiver or release of any Claims by or against, the Debtors or any other entity; (b) prejudice in any manner the rights of the Debtors or any other entity; or (c) constitute an admission, acknowledgement, offer or undertaking of any sort by the Debtors or any other entity.

7.10    Successors and Assigns. The rights, benefits and obligations of any entity named or referred to herein shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign of such entity.

7.11    Reservation of Rights. Except as expressly set forth herein, the Plan shall have no force or effect until the Court enters the confirmation order. Neither the filing of the Plan, any statement or provision contained in the Disclosure Statement, nor the taking of any action by a Debtors or any other entity with respect to the Plan shall be or shall be deemed to be an admission or waiver of any rights of: (1) any Debtors with respect to the holders of claims or other entity; or (2) any holder of a Claim or other entity prior to the effective date of the Plan.

7.12    Further Assurances. The Debtors or the reorganized Debtors, as applicable, all holders of Claims receiving distributions under the Plan and all other entities shall, from time to time, prepare, execute and deliver any agreements or documents and take any other actions as may be necessary or advisable to effectuate the provisions and intent of the Plan or the confirmation order.

7.13    Severability. If, prior to confirmation of the Plan, any term or provision of the Plan is held by the Court to be invalid, void or unenforceable, the Court shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision then will be applicable as altered or interpreted, provided that any such alteration or interpretation must be in form and substance reasonably acceptable to the Debtors, and, to the extent such alteration or interpretation affects the rights or treatment of holders of unsecured claims, such claim holder.

7.14    Return of Security Deposits. Unless the Debtors agree otherwise in a written agreement or stipulation approved by the Court, all security deposits provided by the Debtors to any person or entity at any time after the petition date shall be returned to the Debtors within twenty (20) days after the date of confirmation, without deduction or offset of any kind.  As of the date of this Plan, the Debtors have no security deposits.

7.15    Filing of Additional Documents. On or before the Effective Date, the Debtors may file with the Court all agreements and other documents that may be necessary or appropriate to effectuate and further evidence the terms and conditions hereof.

7.16    Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

7.17    Default. *Except as otherwise stated*, upon the Effective Date of the Plan, in the event the Debtors fail to timely perform any of the obligations set forth in the Plan, the applicable creditor or party-in-interest shall notify the Debtors and the Debtors' counsel of the default in writing in accordance with the notice provisions herein, after which the Debtors shall have: (i) thirty (30) calendar days from the date of the written notification to cure the default; or (ii) if the cure requires more than thirty (30) days, so long as the Debtors initiate steps to cure the default within thirty (30) days and thereafter continue and complete all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical. If the Debtors fail to timely cure the default as provided above, the applicable creditor shall be free to pursue any and all rights it may have under the contract(s) between the parties and/or applicable state law, without further court order or proceeding being necessary.

///

///

///

///

ARTICLE VIII - DISCHARGE

8.01     <u>Discharge</u>. Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments to unsecured creditors under this Plan, which is 5 years or 20 quarterly payments, and as provided in § 1141(d)(5) of the Code. The Debtors will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

Dated:     July 18, 2018

Respectfully submitted,

/s/ Juan Aguirre
Juan Aguirre
***Debtor in Possession***

/s/ Elizabeth Aguirre
Elizabeth Aguirre
***Debtor in Possession***

/s/ Gina M. Corena, Esq.
Gina M. Corena, Esq.
***Attorney for the Debtors in Possession***

**EXHIBIT 1**

**Residential Property Owned by the Debtors in Possession:**

*6527 Coldwater Bay Drive, Las Vegas, NV  89122*

Value            $170,000.00

*3700 Broxburn Street, Las Vegas, NV  89108*

Value            $298,000.00

*28 Shadow Ridge Estates #2 Lot 5, El Paso, TX  79925 (Vacant Land)*

Value            $12,000.00

*No. 101 de la Manzana No. 132, del Fraccionamiento Campo Real (Vacant Land)*

Value            $8,734.69
_____
TOTAL:        $488,734.69

12

**EXHIBIT 2**

The Debtors' Leases and Executory Contracts to be assumed pursuant to the Plan

The lease with Gilbert Aguirre for the property located at 6527 Coldwater Bay Drive, Las Vegas, NV 89122 will be assumed under this plan.

**The Debtors have no defaults or expected cure payments relating to any Leases or Executory Contracts to be assumed pursuant to the Plan.**